**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| VENKATESH DARIPALLI,<br><br>Plaintiff,<br><br>vs.<br><br>JOBTA SOLUTIONS, LLC, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00053<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

# DECISION AND ORDER

This matter is before the Court to consider Plaintiff's Response (Doc. No. 11) to the Court's Order to Show Cause (Doc. No. 9). For the reasons discussed below, the Court **DISCHARGES** the Order to Show Cause and **EXTENDS** the deadline for service in this case to October 11, 2026.

## I. BACKGROUND

Shortly after Plaintiff filed his Complaint on February 18, 2026 (Doc. No. 1), the Clerk issued summons for both Defendants. (Doc. No. 2.) Plaintiff thereafter attempted service by certified mail, but the certified mailings were returned unclaimed. (April 21, 2026 Return of Summons, Doc. No. 6.) Plaintiff then attempted service by regular mail, and those mailings were also returned. (June 22, 2026 Return of Summons, Doc. No. 8.) The ninety-day deadline for service under Federal Rule of Civil Procedure 4(m) passed, and it appeared that Defendants Jobta Solutions, LLC and Matthew Chambers had not been served.

Accordingly, the Court ordered Plaintiff to show cause why his claims against Defendants should not be dismissed without prejudice for failure to effectuate timely service. (Order to Show Cause, Doc. No. 9.) In his Response, Plaintiff explained that he requested summonses and attempted service on both Defendants at the only publicly-available address for Defendants: namely, "the address [Defendant] Chambers currently designates to the Ohio Secretary of State as [Defendant] Jobta's statutory agent when he formed the company on May 25, 2025." (Doc. No. 11 at PageID 58-59.) Plaintiff further explained that after his attempts at service by regular and certified mail failed, Plaintiff's counsel "undertook independent investigation and identified a more current address that [Defendant] Chambers was actively using in other litigation as recently as January 2026." (*Id.*) Plaintiff thereafter attempted service at the new address. (*Id.*) Plaintiff's counsel supported these assertions with a declaration. (*Id.* at PageID 63-66.) Plaintiff requests an additional sixty days, up to and including October 11, 2026, to effectuate service.

## II. LEGAL STANDARD

Generally, if a defendant is not served within 90 days after the complaint is filed, then the Court must dismiss claims against that defendant without prejudice or provide a deadline for effectuating service. Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause. *Id.* Nevertheless, even "absent a finding of good cause, the [C]ourt retains discretion as to whether or not to extend [the] timeframe [for service]." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Courts strongly prefer that, when possible, claims be decided on their

merits rather than on technical deficiencies. *E.g.*, *Chi. Ins. Co. v. Capwill*, 514 F. App'x 575, 576 (6th Cir. 2013).

## III. ANALYSIS

Based upon the facts set forth above, the Court finds that Plaintiff made "a reasonable, diligent effort to timely effect service of process" on Defendants Jobta Solutions, LLC and Matthew Chambers. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). Therefore, based upon Plaintiff's showing of good cause, the Court will grant Plaintiff's request for an additional sixty days, up to and including October 11, 2026, to perfect service on Defendants Jobta Solutions, LLC and Matthew Chambers.

## IV. CONCLUSION

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. The Court's Order to Show Cause (Doc. No. 9) is **DISCHARGED**.
2. The time limit for service under Federal Rule Civil Procedure 4(m) is **EXTENDED**. Plaintiff shall perfect service on Defendants Jobta Solutions, LLC and Matthew Chambers by **October 11, 2026.**

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge